**Damien Hernandez CORTEZ,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–12–0165–CR.**

Court of Appeals of Texas,
Amarillo,
Panel C.

Aug. 15, 2012.

Discretionary Review Granted
Nov. 14, 2012.

Eric Coats, Amarillo, for Appellant.

Randall C. Sims, Amarillo, for The State of Texas.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**On Motion For Rehearing**

BRIAN QUINN, Chief Justice.

Pending before the court is a motion for rehearing filed by Damien Hernandez Cortez. We dismissed his appeal due to the absence of a properly executed certificate of right to appeal. But in doing so, we also indicated that we would reconsider the decision should a valid certificate filed

within the period allowed for rehearing. None was. Nor does the motion for rehearing indicate whether appellant attempted to secure such a document from the trial court.

As indicated in our original order of dismissal, Texas Rule of Appellate Procedure 25.2(d) mandates that "the appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Some may question the rule's sensibility. Some may think the proper course would be to dispense with it. Yet, as long as it exists, our judicial duty obligates us to abide by it.

Simply put, we cannot pick and choose which rules to follow. So too must we avoid resurrecting double standards wherein the court's are free to ignore rules while requiring others to follow them. Accordingly, we overrule the motion for rehearing. Appellant is free to seek relief from the Court of Criminal Appeals, the forum that enacted the rule.

### Dissent from Denial of Motion for Rehearing

PATRICK A. PIRTLE, Justice, dissenting.

I respectfully dissent from the decision to deny Appellant's *Motion for Rehearing* of the panel opinion in *Cortez v. State*, No. 07–12–0165–CR, 2012 WL 2803755, 2012 Tex.App. LEXIS 5484 (Tex.App.-Amarillo July 10, 2012, pet. granted). Pursuant to that opinion, Appellant's appeal was dismissed for the failure to file a trial court certification in compliance with Rule 25.2(d) of the Texas Rules of Appellate Procedure. The opinion did indicate that we would reconsider that decision should a valid certification be filed within the period allowed for rehearing. Prior to issuing that opinion, this Court did notify the trial judge and the court clerk that "[t]he record does not contain a certification of the defendant's right of appeal **signed by the defendant**." (Emphasis in original). Accompanying Appellant's *Motion for Rehearing* is a certification *signed by the defendant*, albeit not signed by the trial judge. The majority is now prepared to deny that motion for rehearing because the certification does not include the judge's signature.[1]

It is the mandatory duty of the trial court to enter a certification of the defendant's right of appeal each time it enters a judgment of guilt. Tex. R. App. P. 25.2(a)(2). This is an appeal of a judgment entered following a jury trial after a plea of "not guilty." It appears to me that the denial of Appellant's right of appeal on this hyper-technical interpretation of the Rules of Appellate Procedure is a waste of valuable judicial resources—the very thing Rule 25.2 was designed to prevent. *See* Tex. R. App. P. 25.2 (allowing this Court to suspend the operation of a rule of appellate procedure to "expedite a decision," but not allowing suspension of any provision of the Texas Code of Criminal Procedure.) Because Appellant's right of appeal is apparent from the face of the record, I would

---

1. *Certification of Defendant's Right of Appeal* is a procedure created by Rule 25.2 of the Texas Rules of Appellate Procedure, designed to expedite the early dismissal of non-meritorious appeals in criminal cases. While Rule 25.2(d) does require that the certification include a notice that the defendant has been informed of his/her rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review, and that the notification be *signed* by the defendant, there is no corresponding requirement that the trial court *sign* the certification. *But see* Appendix F (providing for the judge's signature). All that is required is that the trial court *enter* it. There is no corresponding provision in the Texas Code of Criminal Procedure.

grant the motion and reinstate Appellant's appeal.